JOSEPH O'BRIEN LEATHER FINISH CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9630. Promulgated October 4, 1927.

*Held* that the petitioner incurred a certain salary for the
services of its president during the taxable period.

*John J. Barry, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

The respondent has asserted a deficiency in income and profits tax
for the year 1921, in the amount of $1,312.94, all of which is in con-
troversy. Respondent is alleged to have erred in disallowing a
certain amount as a deduction from gross income as ordinary and
necessary expenses for salary incurred in the taxable year for the
services of its president and secretary. No question as to the reason-
ableness of the salary deduction claimed is involved.

### FINDINGS OF FACT.

The petitioner is a New York corporation, with its principal office
in Little Falls. It was incorporated on May 20, 1921, with an author-
ized capital stock in the amount of $10,000, divided into 100 shares
of the par value of $100 each. During the taxable period, the stock-
holders and their stockholdings were as follows: Joseph O'Brien,
85 shares; George O'Brien, 5 shares; Jack O'Brien, 5 shares; and
Margaret O'Brien, 5 shares. The three O'Brien men are brothers.
The record does not disclose the relationship of Mrs. Margaret
O'Brien to the brothers or to any one of them. George O'Brien,
Margaret O'Brien, and Joseph O'Brien, were the directors of the
petitioner during the taxable period.

At the date of organization, Joseph O'Brien was elected president
and treasurer of the petitioner. At that time the stockholders and
directors entered into an oral agreement, of which there is no written
record, that Joseph O'Brien should receive for his services, as presi-
dent and treasurer, a salary at the rate of $8,500 per annum. No part
of such agreed salary was paid until August 13, 1921, and, from that
date until December 31, 1921, payments on such account were made
at the rate of $50 per week in the total amount of $805.

On January 19, 1922, the directors of the petitioner ordered that
the income and profits-tax return for the taxable period should be
made in conformity with the salary agreement of May 20, 1921.
The incurred, accrued, and unpaid salary due Joseph O'Brien was
credited to his account on the books of the petitioner about January
20, 1922, as of December 31, 1921. In its income and profits-tax
return for 1921, the petitioner deducted from gross income the

amount of $6,715 as officers' salaries, and, of such deduction, the amounts of $5,255 and $1,460 were for salaries of the president and secretary, respectively. This return was made on the accrual basis. Upon audit of such return the Commissioner disallowed $4,400 of the deduction from gross income on account of salaries, made some minor adjustments, and determined the deficiency here in controversy.

OPINION.

LANSDON: Since the respondent does not question the reasonableness of the salaries in question and proves, by the submission of the petitioner's income and profits-tax return for the period involved, that such return was made on the accrual basis, the only question for our consideration is whether the petitioner, in 1921, incurred liability for such salaries.

Joseph O'Brien testified at the hearing that on May 20, 1921, all the stockholders and directors orally agreed that the president should receive a salary at the rate of $8,500 per annum. Cunningham, an accountant, testified that he was present at the meeting of May 20, 1921, and that the matter of salaries was discussed by the directors. The minutes of the meetings in January, 1922, at which it is alleged that the salary agreements of May 20, 1921, were ratified, were not offered in evidence nor did any of the witnesses, who were present at such meetings and participated therein, testify that such action was taken. Proof of confirmation of the informal agreement rests solely on the testimony of Cunningham, who made out the tax return for the petitioner, and testified that on January 19 or 20, 1922, he was instructed to deduct the salaries agreed to in May, 1921.

In our opinion the evidence is conclusive that the salary of Joseph O'Brien for the taxable period was fixed by informal action of the directors of the petitioner on May 20, 1921, at the rate alleged. As the petitioner is a closely held corporation, chartered under the laws of New York, such informal action was sufficient to incur liability for the salary so determined. *Appeal of Reub Isaacs & Co.*, 1 B. T. A. 45. The petitioner made its income-tax return on the accrual basis and it follows, therefore, that the accrued salary due Joseph O'Brien was a liability at December 31, 1921, and was properly deductible from gross income for that year at the rate of $8,500 per annum from May 20, 1921, to December 31, 1921. No evidence supporting the claim for deduction of salary incurred for the services of the secretary, George O'Brien, was offered at the hearing. We, therefore, approve the action of the respondent in adding such alleged salary to the petitioner's gross income for the taxable period.

Reviewed by the Board.

*Judgment will be entered on 10 days' notice, under Rule 50.*